# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. ROTHMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNUM GROUP, UNUM LIFE INSURANCE | : | |
| COMPANY OF AMERICA and | : | |
| PROVIDENT LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | NO. 18-1299 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                 **October 15, 2018**

In this action for disability insurance benefits, we must determine whether an insured, who once was unable to perform his regular occupation due to a drug addiction, is entitled to continue receiving benefits after his license to engage in his occupation was revoked. In doing so, we distinguish between a factual disability and a legal disability. The former is covered by the policy and the latter is not. Thus, the dispositive issue is whether the insured's disability is a factual or a legal one.

Plaintiff David Rothman sues his two disability insurers, Unum Life Insurance Company and Provident Life and Accident Insurance Company (collectively Unum),[1] for breach of contract and bad faith under 42 Pa. Cons. Stat. section 8371. Moving for summary judgment, Unum argues that Rothman's benefits were properly terminated because his license to work as a Certified Financial Planner, his listed occupation on the policies, was revoked after he had been convicted of fraud. Rothman counters that despite his license revocation, he is entitled to benefits because he suffered from

---

[1] Rothman has two separate disability insurance policies, one issued by Unum Life Insurance Company and the other issued by Provident Accident Insurance Company. The two companies merged after Rothman's policies were issued. The merged entity, Unum Group, is a corporate holding company. Compl. ¶ 5; Pl. St. of Undisputed Facts (SUF) ¶ 3.

substance abuse and depression prior to being indicted, which rendered him totally disabled under the policies.

It is undisputed that at one time Rothman qualified for benefits because he was factually disabled from performing his regular occupation as a Certified Financial Planner. However, when Unum terminated his benefits in October 2015, he was no longer restricted from carrying out his regular job responsibilities as a result of a physical or mental disability. What prevented him from working as a Certified Financial Planner was that his license had been revoked in February 2014. Because Rothman is legally, not factually, disabled, he is not entitled to benefits under the policy. Thus, because a legal disability is not covered by the policies, we shall grant Unum's motion for summary judgment.

## Background

For almost thirty years, David Rothman worked as a Certified Financial Planner, selling insurance and investment products at Rothman Securities, Inc., a business owned by his father.[2] On September 20, 2012, he was indicted for wire fraud and money laundering.[3] The offenses arose out of fraud and misappropriation of clients' funds. The next day, the Securities and Exchange Commission (SEC) filed a complaint against him charging the same fraudulent conduct.[4] Rothman was immediately suspended with pay from the family business.[5]

---

[2] SUF ¶¶ 11–12; Def. Resp. to St. of Undisputed Facts (CSUF) ¶¶ 11–12.

[3] SUF ¶ 18; Mot. for Summ. J., Ex. 8, Indictment (Doc. No. 20) at ECF 99–107.

[4] SUF ¶ 19; Mot. for Summ. J., Ex. 9, SEC Litigation Release, Sept. 24, 2012 (Doc. No. 20) at ECF 109; Mot. for Summ. J., Ex. 10, Compl., *Sec. & Exch. Comm. v. Rothman*, No. 12-5412, Sept. 21, 2012 (Doc. No. 20) at ECF 110–28.

[5] SUF ¶ 21.

On October 12, 2012, Rothman checked himself into a substance abuse treatment facility, where he remained until November 6, 2012.[6] After completing the inpatient program, he participated in outpatient treatment until February 28, 2013.[7]

On October 22, 2012, while in treatment, Rothman filed claims for disability benefits under two disability income insurance policies issued by Unum.[8] He claimed an inability to perform his occupation as a Certified Financial Planner due to "addiction" with an onset date of October 12, 2012, the day he was admitted to inpatient care.[9] Unum paid Rothman disability benefits pursuant to a reservation of rights from October 2012 through October 2015.[10]

On March 26, 2013, Rothman pleaded guilty to one count of wire fraud and one count of money laundering.[11] He was fired by Rothman Securities.[12] In his sentencing memorandum, he admitted that he was unemployable in his profession and consented to an administrative proceeding to determine whether his professional license should be revoked.[13] On January 6, 2014, he was sentenced to a four-year jail term and taken into custody.[14]

---

[6] *Id.* ¶¶ 20, 37.

[7] *Id.* ¶ 37.

[8] *Id.* ¶¶ 1–2.

[9] SUF ¶ 36; Mot. for Summ. J., Ex. 3, Claim Form (Doc. No. 20) at ECF 72–79.

[10] SUF ¶¶ 40–46, 49.

[11] SUF ¶ 25.

[12] *Id.* ¶ 27.

[13] *Id.* ¶¶ 30–31.

[14] *Id.* ¶ 25.

On February 12, 2014, the SEC revoked Rothman's Certified Financial Planner license.[15] The SEC barred him "from acting as a broker or investment adviser or otherwise associating with firms that sell securities or provide investment advice to the public."[16]

On October 1, 2015, Unum terminated Rothman's benefits, advising him that his condition no longer met the definition of a "total disability." The termination decision was based on Rothman's treating psychologist's finding that his substance abuse was in remission and that he no longer had any occupation-related restrictions or limitations.[17] Unum determined that he "would be currently able to work at this time had [he] not been engaged in illegal and improper conduct."[18] The termination was upheld on appeal.[19]

Rothman seeks a declaration that he is entitled to total disability benefits under the policies and requests retroactive reinstatement of his disability benefits as of October 1, 2015. Unum contends that Rothman's disability is caused by the legal consequences of his criminal conduct, not by substance abuse. It is undisputed that Rothman's current incarceration and license revocation have rendered him unable to work as a Certified Financial Planner. Rothman counters that the causes behind his current disability are substance abuse, mental health conditions and medical issues, some of which pre-date the license revocation.

---

[15] *Id.* ¶ 33.

[16] *Id.* (quoting Mot. for Summ. J., Ex. 19, SEC License Revocation (Doc. No. 20-1) at ECF 43–49).

[17] *Id.* ¶ 48.

[18] *Id.* ¶ 49.

[19] *Id.* ¶¶ 50–52.

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015).

**Analysis**

Defined in Unum's policy, a "total disability" is "due to injury or sickness [that] restricts the Insured's ability to perform the material and substantial duties of his regular occupation to an extent that prevents him from engaging in his regular occupation."[20] The Provident policy similarly defines total disability as "due to Injuries or Sickness" the insured is "not able to perform the substantial and material duties of [his] occupation; and [he is] under the care and attention of a Physician."[21] An insured is totally disabled "in his regular occupation as a result of a present injury or sickness" which "causes the loss of net income" and for which "he is receiving medical care from someone other than himself" that is "appropriate for the injury or sickness."[22] In his applications for disability insurance, Rothman listed his occupation as a Certified Financial Planner.[23]

---

[20] Mot. for Summ. J., Ex. 1, Unum Life Policy (Doc. No. 20) at 6, ECF 44.

[21] Mot. for Summ. J., Ex. 2, Provident Life Policy (Doc. No. 20) at 4, ECF 59.

[22] Unum Life Policy at 7, ECF 45.

[23] SUF ¶¶ 12–14.

5

There is no question that Rothman cannot perform his occupation as a Certified Financial Planner. The dispute is over what is the cause of his disability. Is it his drug abuse or the loss of his license? In other words, is his inability to work at his occupation due to a factual or a legal disability? If it is the former, he is entitled to disability benefits. If it is the latter, he is not.

Disability insurance policies cover factual disabilities, not legal disabilities. A factual disability is one caused by injury or illness. A legal disability is an inability to practice the insured's regular occupation because the law prevents it. A legal disability may result from incarceration, or the revocation or suspension of a professional license. *Jacobs v. Nw. Mut. Life Ins. Co.* 103 A.D.3d 78, 84 (N.Y. App. Div. 2012); *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W. 3d 13, 26 (Tenn. Ct. App. 2002).

If an insured has both legal and factual disabilities, some courts do not categorically preclude benefits. They determine coverage on the basis of which of the two disabilities arose first. If the legal disability preceded the factual disability, the claimant is not entitled to benefits. *See, e.g.*, *Allmericxa Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997); *Jacobs,* 103 A.D.3d at 84. On the other hand, if the factual disability precipitated the legal disability, the subsequent legal disability is not considered a superseding cause of the individual's inability to do his job. *Jacobs*, 103 A.D.3d at 84. Instead, in those circumstances, the claimant is entitled to benefits for his continuing factual disability.

When an insured suffers from a mental or physical illness and continues to work in his regular occupation until a legal disability caused by the illness arises, the inquiry focuses on "whether and how" the insured's illness "brought about the legal disability."

*Id.* An insured is entitled to benefits when he loses his professional license because an illness has prevented him from performing his job competently. *Id.* Where the insured's inability to perform his job was caused by his criminal conduct resulting in the revocation of his license and not by any physical or mental inability, he is not covered. *See Mass. Mut. Life Ins. Co. v. Millstein*, 129 F.3d 688, 691 (2d Cir. 1997) (citing *Ouellette*, 617 A.2d at 134–35; and *Goomar*, 855 F. Supp. at 325).

In determining whether a mental or physical illness precipitated a legal disability, we consider whether the factual disability occurred before the legal disability; and, if so, whether the factual disability, absent the legal disability, prevents the insured from engaging in his profession. *Jacobs,* 103 A.D.3d at 84. It is simply a cause and effect analysis. If the legal disability was caused by the factual disability, the insured is entitled to benefits. If it was not, he is not deemed disabled under the policy.

At various times before his license was revoked, Rothman was factually disabled. His substance abuse periodically rendered him disabled under the policies. Even at the time his license was revoked, Rothman was factually disabled. One month before the SEC revoked his license, his treating psychiatrist, Dr. Rodgers, found that he was "severely disabled, and [could not] work."[24] However, when his benefits were terminated in October 2015, he was sober. His treating psychologist found him to be in remission three months earlier.[25] Rothman had "remained off illicit/abusive substances" and his mood disorder had stabilized.[26] He faced "no restrictions and limitations" because his "conditions are in clinical remission and he has been exhibiting a high

---

[24] Mot. for Summ. J., Ex. 28, Dr. Carla Rodgers Records (Doc. No. 20-1) at ECF 107.

[25] SUF ¶ 48; Mot. for Summ. J. Ex. 30, Medical Consultation Notes, Sept. 15, 2015 (Doc. No. 20-1) at ECF 111–13.

[26] Ex. 30, Medical Consultation Notes at ECF 112.

functional level."[27]  At the time Unum terminated his benefits, Rothman was no longer factually disabled.  Thus, his inability to work as a Certified Financial Planner after July 2015 was due to the loss of his license.

Dr. Seema Kochhar, the psychiatrist who diagnosed Rothman with drug addiction and depression in 2005 through 2007, recommended inpatient treatment which Rothman rejected, stating he "was willing to stop his drug use."[28]  Dr. Carla Rodgers, his psychiatrist in 2014, reviewed Kochhar's records and confirmed that diagnosis.  Neither treating psychiatrist opined that in 2012, when he was indicted, Rothman was unable to continue performing his job duties due to his drug abuse.  The record is devoid of any evidence that Rothman was disabled due to his substance abuse or depression when he was indicted.

The record establishes that Rothman continued to work successfully as a Certified Financial Planner until he was indicted in September 2012.  From 2009 to 2011, his income increased by over $160,000.[29]  In his sentencing memorandum, Rothman's counsel explained that he was "able to maintain sufficient clarity to run a profitable business and service his clients," an "overwhelming majority of [whom] were pleased with his performance."[30]  It explained that he had "succeeded in concealing his drug addiction" for years and it was not until the day of his arrest that he "could no longer hide his addiction."[31]

---

[27] *Id.* at ECF 113.

[28] Ex. 24 at ECF 88.  The letter from Dr. Kochhar provides her recollection of her treating Rothman, but explains that she was unable to locate his medical records.  *Id.*

[29] SUF ¶ 16 (citing Mot. for Summ. J. Ex. 6, 2008-2011 Tax Returns (Doc. No. 20) at ECF 88).

[30] Mot. for Summ. J., Ex. 21, Sentencing Memorandum (Doc. No. 20-1) at 5, ECF 58.

[31] Ex. 21 at 6, ECF 59.

These statements and his increased income militate against finding that he was factually disabled during that time. On the contrary, they demonstrate that he was performing his job well. Furthermore, the medical records do not show that Rothman's condition impacted his ability to perform his professional duties as a Certified Financial Planner. No medical professional opined that he was unable to carry out the obligations of his profession until January 2014, long after he had been indicted and had pleaded guilty, resulting in revocation of his license.[32]

In July 2015, Rothman's treating psychologist found him in remission from his substance abuse and no longer restricted him from working.[33] This diagnosis—that he was no longer factually disabled—occurred before the defendants terminated his benefits in October 2015. At the time of termination, Rothman was no longer factually disabled. The only impediment to his returning to a career as a Certified Financial Planner was his lack of a license, which had been revoked in February 2014.

Rothman's license was not revoked because he had a drug abuse problem. It was revoked because he stole from his clients and employer. Rothman's claimed disability—substance abuse—did not impair his ability to perform his occupation as a Certified Financial Planner. It may have impaired his judgment, leading to his stealing from his clients and ultimately his license revocation.

---

[32] Ex. 28, Dr. Carla Rogers Records at 5, ECF 108. Rothman cites to his sentencing memorandum, submitted in October 2013, which includes anecdotal evidence of his condition prior to the indictment. However, the sentencing memorandum includes no medical diagnoses. *See generally* Ex. 21.

[33] SUF ¶ 48; Mot. for Summ. J. Ex. 30, Medical Consultation Notes, Sept. 15, 2015 (Doc. No. 20-1) at ECF 111–13.

## Conclusion

Because the undisputed facts demonstrate that Rothman's inability to perform his regular occupation is due to a legal disability and not a factual disability, the defendants are entitled to judgment as a matter of law. Thus, we shall grant the motion for summary judgment.[34]

/s/TIMOTHY J. SAVAGE

---

[34] Because Unum properly terminated benefits, it cannot be liable for bad faith.